UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BIRDIES IN THE PINES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:24-cv-00045 |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Northfield Insurance Company ("Northfield" or "Defendant") files this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully states:

**I.
INTRODUCTION**

1. Plaintiff Birdies in the Pines, LLC ("Plaintiff") commenced this lawsuit on December 15, 2023, by filing Plaintiff's Original Petition & Jury Demand ("Petition") in the 71st Judicial District Court of Harrison County, Texas – Cause No. 23-1287.

2. Plaintiff's Petition, which includes a jury demand, names Northfield as the only defendant in this action.

3. Northfield was served with Plaintiff's Petition on December 26, 2023, and it files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending – *i.e.*, 71st Judicial District Court of Harrison County, Texas – is situated in this District.

## II.
## BASIS FOR REMOVAL

5. 28 U.S.C. § 1332(a) permits removal of a state court action to federal district courts where: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000. This case satisfies both conditions.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Northfield.**

6. Plaintiff Birdies in the Pines, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business in Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[1] Based on a review of public records filed with the Texas Secretary of State, and upon information and belief after a diligent search of publicly available sources,[2] Plaintiff's only reported members are David C.

---

[1]  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[2]  Courts in the Fifth Circuit have held that a defendant who has diligently investigated publicly available sources to determine that a plaintiff business entity is not a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of the plaintiff business entity upon information and belief. *See Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); *see also Rollins v. Fitts*, No. 1:18-CV-198-GHD-DAS, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("When a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief.").

Courts outside the Fifth Circuit have likewise held that parties may properly plead diversity of citizenship upon information and belief. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief as long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010)

Carlile and Susan M. Carlile – both of whom are domiciled and reside in Texas.³ Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

7.    Defendant Northfield is an insurance company incorporated under the laws of the State of Iowa with its principal place of business in Connecticut. Northfield is thus a citizen of Iowa and Connecticut for diversity jurisdiction purposes.⁴

8.    Because Plaintiff is a citizen of Texas, and Northfield is a citizen of Iowa and Connecticut, complete diversity of citizenship exists between Plaintiff and Defendant (now and on the date Plaintiff filed this lawsuit).

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

9.    Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Defendant's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.⁵ "An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made

---

(holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state). The Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of GA, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (citing *Lincoln*, 800 F.3d at 107 n.31).

³   The most recent Public Information Report filed by Birdies in the Pines, LLC with the Texas Secretary of State identifies David C. Carlile and Susan M. Carlile as Birdies in the Pines, LLC's sole members. For the Court's convenience, Northfield has attached a true and correct copy of Birdies in the Pines, LLC's most recent Public Information Report as <u>Exhibit I</u> to this Notice of Removal

⁴   *See* 28 U.S.C. § 1332(c)(1) (noting that a corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

⁵   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

in good faith . . . ."[6]

10.   This lawsuit arises out of Plaintiff's claim for coverage under a property insurance policy issued by Northfield for physical loss or damage allegedly sustained by the commercial property located at 22049 F.M. 1995, Lindale, Texas 75771 as the result of storm events reportedly occurring from March 2023 through June 2023.[7] In its Petition, Plaintiff states that it "seeks monetary relief over $1,000,000" in this action.[8]

11.   Northfield denies the validity and merits of the claims asserted against it in Plaintiff's Petition, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446
### AND LOCAL RULE CV-81

12.   As required by 28 U.S.C. § 1446(a) and Local Rule CV-81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

13.   As required by 28 U.S.C. § 1446(a) and Local Rule CV-81, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a.   a list of parties in the case and their party type, attached as Exhibit A to

---

[6] *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted).

[7] *See* Exhibit D [Plaintiff's Petition] at ¶¶6-14.

[8] Exhibit D [Plaintiff's Petition] at ¶1.

this Notice of Removal;

      b.    a civil cover sheet, attached as <u>Exhibit B</u> to this Notice of Removal;

      c.    a certified copy of the state court docket sheet, attached as <u>Exhibit C</u> to this Notice of Removal;

      d.    a copy of Plaintiff's Original Petition & Jury Demand, attached as <u>Exhibit D</u> to this Notice of Removal;

      e.    a copy of Defendant's Answer to Plaintiff's Original Petition, attached as <u>Exhibit E</u> to this Notice of Removal;

      f.    a List of Attorneys involved in the action, attached as <u>Exhibit F</u> to this Notice of Removal;

      g.    a record of which parties have requested trial by jury, attached as <u>Exhibit G</u> to this Notice of Removal; and

      h.    the name and address of the court from which the case is being removed, attached as <u>Exhibit H</u> to this Notice of Removal.

14.    In addition to the documents required by 28 U.S.C. § 1446(a) and Local Rule CV-81, the Texas State Franchise Tax Public Information Report filed by Birdie in the Pines, LLC with the Texas Secretary of State on December 31, 2023, is attached to (or filed with) this Notice of Removal as <u>Exhibit I</u>;

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Northfield Insurance Company hereby provides notice that this action is duly removed from the 71st Judicial District Court of Tarrant County, Texas, to the United States District Court for the Eastern District of Texas, Marshall Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:  /s/ James W. Holbrook, III
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zellelaw.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:	214-742-3000
Facsimile:	214-760-8994

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on January 25, 2024 in accordance with the Texas Rules of Civil Procedure as follows:

| | |
|---|---|
| Casey Q. Carlile | David C. Carlile |
| ccarlile@carlilelawfirm.com | dcarlile@eph-tx.com |
| CARLILE LAW FIRM, LLP | DAVID C. CARLILE LAW FIRM |
| 3106 Trammels Trace | P.O. Box 1719 |
| Marshall. TX 75672 | Marshall. TX 75671-1719 |
| Telephone:	903-938-1655 | Telephone:	903-938-2556 |
| Facsimile:	903-938-0235 | |

 /s/ James W. Holbrook, III
James W. Holbrook, III