DM 12262023

Filed 12/15/2023 2:36 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Robyn Nielsen
Deputy

CAUSE NO. 23-1287

| | | |
|---|---|---|
| **BIRDIES IN THE PINES, LLC** *Plaintiff* | § § § | **IN THE 71ST JUDICIAL** |
| **vs.** | § § | **DISTRICT COURT OF** |
| **NORTHFIELD INSURANCE COMPANY** *Defendant* | § § | **HARRISON COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND**

NOW COMES, PLAINTIFF BIRDIES IN THE PINES, LLC., complaining of DEFENDANT NORTHFIELD INSURANCE COMPANY and for cause of action would show the following:

**DISCOVERY CONTROL PLAN**

1. PLAINTIFF BIRDIES IN THE PINES, LLC. (Plaintiff) intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in the Texas Rules of Civil Procedure because plaintiff seeks monetary relief over $1,000,000.00.

**JURISDICTION**

2. Jurisdiction is proper in this court in accordance with the laws of the State of Texas.

**VENUE**

3. Venue is proper in Harrison County because the parties contracted in writing for the insurance, purchased the insurance, and DEFENDANT NORTHFIELD INSURANCE COMPANY (Defendant) serviced the insurance policy in Harrison County. The policy states that Defendant will submit to the Jurisdiction and Court of Choice of the Insured as part of the contractual agreement.

**PARTIES**

4. PLAINTIFF BIRDIES OF THE PINES, LLC (Plaintiff) is a limited liability company formed under the laws of Texas whose home office is located at 2615 East End Boulevard, Marshall,

DM 12262023

Texas.

5. Upon information and belief, DEFENDANT NORTHFIELD INSURANCE COMPANY (Defendant) is a foreign corporation engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Upon information and belief, Defendant is headquartered in St. Paul, Minnesota and maintains its principal place of business in Minnesota. Defendant may be served with process through its President at 385 Washington Street, St. Paul, Minnesota, 55102.

## FACTUAL BACKGROUND

### The Property

6. Plaintiff owns and operates commercial property located in Smith County, Texas at 22049 F.M. 1995, Lindale, Texas 75771 (the "Property"). The Property is a 29,000 sq. ft. stone, stucco, concrete, and steel-framed structure.

### The Policy

7. Prior to April, 2023, Plaintiff paid annual premiums, assessments, fees, surcharges, and taxes to Defendant to acquire comprehensive commercial insurance coverage for the Property and the business under Northfield Insurance Policy No. WS483862 (the "Policy"). The Policy provides coverage for the Property, for covered damages that occur during the Policy Period, from November 19, 2022 through November 18, 2023. In exchange for Plaintiff' premium payment, the Policy includes the following limits and coverages, in relevant part:

| Loc. No. | Bld. No. | Coverage | Rate | Limit of Insurance $ | Premium |
|---|---|---|---|---|---|
| 1 | 1 | Building | .611 | $1,500,000 | $9,170.00 |
| 1 | 1 | Personal Property | .49 | $500,000 | $1,491.00 |

8. As evidenced by the Declarations Page, the Policy provides coverage to the Property's physical structure on an agreed cost value basis for damages up to $1,500,000.00. See Policy at Declarations Pages.

DM 12262023

9. Policy also contains a Deductible provision that confirms coverage for damages to the Property that result from windstorms:

| Minimum Dollar Deductible e $10000 | | Per Occurrence (Applicable with a Percentage Deductible) | | |
|---|---|---|---|---|
| Location # | Building # | Percentage or Dollar Deductible | | |
| 1 | 1 | 2% | | |

**Plaintiff makes an insurance claim for storm related damage**

10. The Canton, Van, and Garden Valley areas of Texas were devastated by a series of hail, windstorm, and lightning events from March to June 2023. Plaintiff first contacted their local agent, Brandon Smith of Bockmon Insurance Agency, Inc. (Bockmon) on April 3, 2023. Plaintiff reported that it had experienced four high wind and hail events at its Garden Valley location since late March, 2023. Plaintiff requested the agent to contact Defendant to send an adjuster to check for damage.

11. Plaintiff was experiencing interior water leaks, equipment outages and signs of high winds – downed trees, and blown off roof parts, etc. Mr. Smith noted one event as March 2, 2023 and Plaintiff subsequently supplied weather documented events in April through June on another seven occasions. Plaintiff filed the initial claim with Mr. Smith an agent for Defendant and subsequently filed additional claims through June, 2023.

12. Plaintiff worked hard to document its claims. Plaintiff provided weather information, photographs of damage to the building, photographs of interior damage, independent roofer's photos showing numerous damaged areas of the roof from hailstorm and wind damage. It also provided photos of damaged equipment, and manager's reports showing interior damages due to the leaking roof.

13. Defendant's claim handling process resulted in a wrongful denial that omitted a wealth of facts, physical evidence, obvious wind damages, and weather data. Defendant from the start appeared determined to pin the loss on anything that would keep it from paying on Plaintiff's claims.

DM 12262023

Defendant sent an independent adjuster Chris Cordier on July 27, 2023 to view the property and Plaintiff provided him a packet with supporting materials.

14. Plaintiff emailed Mr. Cordier about his opinion of the loss. In response, he stated, "It went well. Your documents were helpful! I will be talking to Scott Korfhage [Defendant's representative] tomorrow to see what he wants as far as deliverables from me."

**Plaintiff sends a demand letter in compliance with Texas law**

15. June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive pre-suit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiff to avoid protracted litigation over a clear claim.

16. In compliance with Section 542A.003, Plaintiff gave its pre-suit notice to Defendant in April, July, and finally on September 8, 2023. See Correspondence from David C. Carlile to Scott R. Korfhage, September 8, 2023. The pre-suit notice provided a comprehensive outline of Plaintiff's claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly or the parties went to mediation.

17. Defendant responded to the demand on October 26, 2023 but refused to acknowledge its own wrongdoing. See Correspondence from Scott Korfhage to David C. Carlile, October 26, 2023.

**COUNT 1 – VIOLATIONS OF THE TEXAS INSURANCE CODE, SECTION 541**

18. Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear in violation of Section 541.060(a)(2)(A) of the Texas Insurance Code.

DM 12262023

19. Defendant Insurance failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Section 541.060 (a)(3) of the Texas Insurance Code.

20. Defendant refused to pay the claim without conducting a reasonable investigation with respect to the claim in violation of Section 541.060(a)(7) of the Texas Insurance Code.

21. Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices in violation of Section 541.002(1) of the Texas Insurance Code.

**COUNT 2 - VIOLATIONS OF THE TEXAS INSURANCE CODE, SECTION 542**

22. Defendant failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy in violation of Section 542.003(b)(3) of the Texas Insurance Code.

23. Defendant failed to acknowledge receipt of the claim, failed to timely commence investigation of Plaintiff's claim, and/or failed to request from Plaintiff a signed, sworn proof of loss, or to provide other forms to be completed by Plaintiff within 15 days of notice of Plaintiff's claim as required under the Policy and in violation of Section 542.055(a) of the Texas Insurance Code.

24. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Section 542.056(a) of the Texas Insurance Code.

25. Defendant delayed payment of Plaintiff's claim past 60 days in violation of Section 542.058(a) of the Texas Insurance Code.

26. Each of the actions described herein were done "knowingly" as that term is used in the Section 541.002(1) of the Texas Insurance Code and were a producing cause of Plaintiff's damages.

**COUNT 3 – STATUTORY INTEREST**

27. Plaintiff makes a claim for statutory interest penalties along with reasonable attorneys'

DM 12262023

fees pursuant to Section 542.060 of the Texas Insurance Code.

**COUNT 4 – BREACH OF CONTRACT**

28. As outlined above, Defendant breached its contract with Plaintiff by refusing to pay for covered damages under the Policy. As a result of Defendant's breach, Plaintiff suffered legal damages.

**COUNT 5 – BREACH OF GOOD FAITH AND FAIR DEALING**

29. Defendant, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Defendant breached this duty by refusing to properly investigate and effectively denying insurance benefits. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendant's breach of these legal duties, Plaintiff suffered legal damages.

**COUNT 6 – PUNITIVE DAMAGES FOR BAD FAITH**

30. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff' claim for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

**COUNT 7 – VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

31. The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendants has also acted unconscionably, as that term is defined under the DTPA.

32. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff' damages.

**RESULTING LEGAL DAMAGES**

DM 12262023

33. Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

34. As a result of Defendants acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

35. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

36. Defendant's knowing violations of the Texas Insurance Code and the DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

37. Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

38. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

39. Plaintiff is entitled to the recovery of attorneys' fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, Section 542.060 of the Texas Insurance Code and/or Section 17.50 of the Texas Business and Commerce Code.

**JURY DEMAND**

40. Plaintiff hereby demands a trial by jury and tenders the appropriate fee with this petition.

**PRAYER**

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that it have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, exemplary damages, pre- and post-judgment interest as allowed by law, attorney's fees, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

DM 12262023

*/s/ David C. Carlile*
DAVID C. CARLILE
State Bar No. 03804500
DAVID C. CARLILE LAW FIRM
P.O. BOX 1719
Marshall, Texas 75671-1719
Telephone: (903) 938-2556
Cell: (903) 471-4741
Email: dcarlile@cph-tx.com

/s/ Casey Q. Carlile
CASEY Q. CARLILE
State Bar No. 24025868
CARLILE LAW FIRM, LLP
3106 Trammels Trace
Marshall, Texas 75672
Telephone: (903) 938-1655
Facsimile: (903) 938-0235
Email: ccarlile@carlilelawfirm.com

**ATTORNEYS FOR PLAINTIFF**